**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMARI J. MOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-02060 (UNA) |
| | ) | |
| | ) | |
| DAVID J. SMITH *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a Verified Complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff is a resident of Dacula, Georgia. He sues in their individual capacities Eleventh Circuit Court of Appeals Clerk David J. Smith, four named Deputy Clerks, and an unnamed Circuit "Court Disability Accommodation Coordinator." Compl. Caption. In the prolix complaint, ECF No. 1, Plaintiff claims that his "clearly established constitutional and statutory rights" were violated when Defendants "collectively administered four appellate proceedings from docketing through dismissal" supposedly "without a single Article III circuit judge ever reviewing, signing, or authorizing any dispositive act in any proceeding." Compl. at 2. Allegedly, the "entire appellate track . . . from the docketing of notices through the CIP deficiency notices through the dismissal orders through the mandates" was "administered exclusively by clerks." *Id*. Plaintiff acknowledges that the acts "performed" fell "within the scope of [Defendants'] federal employment" *id*., and that "[e]ach dismissal was issued as the mandate of the court under 11th Cir. R. 41-4," *id*. at 7.

Plaintiff brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Rehabilitation Act, the Americans with Disabilities Act (ADA), and 18 U.S.C. § 242. Compl. at 1-2. The latter criminal statute lacks a private right of action, *Johnson v. District of Columbia Criminal Justice Act*, 305 F. App'x 662 (D.C. Cir. 2008) (per curiam), the ADA "does not apply to the federal government," *Beaird v. Gonzales*, 495 F. Supp. 2d 81, 83, n.2 (D.D.C. 2007) (citation omitted), and "there is no individual capacity liability under" the Rehabilitation Act, *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005); *see accord Alston v. District of Columbia*, 561 F. Supp. 2d 29, 38 (D.D.C. 2008). This leaves *Bivens* as the only possible cause of action.

Plaintiff seeks compensatory damages and various forms of equitable relief. *See* Compl. at 12. "For people in Bivens' shoes," however, "it is damages or nothing." *Bivens*, 403 U.S. at 410 (Harlan, J., concurring in judgment); *see Wilson v. Layne*, 526 U.S. 603, 609 (1999) (*Bivens* "allow[s] a plaintiff to seek money damages from government officials who have violated his [constitutional] rights.); *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages."). An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (citations omitted). Such applies here because "clerks, like judges, are immune" from suits for damages premised on their "performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see id*. at 1461 (describing shielded activities); *cf. Moody v. Clerk of Court, Northern District of Georgia*, No. 26-11756-DD, 2026 WL 2415408 (11th Cir. June 30, 2026) (dismissal order issued by Clerk David J. Smith "FOR THE COURT - BY DIRECTION"). Defendants' immunity extends to Plaintiff's

allegations of "mistakes or wrongs," which "are open to correction through ordinary mechanisms of review[.]" *Forrester v. White*, 484 U.S. 219, 227 (1988). Therefore, this case will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

A separate order accompanies this opinion.

_________/s/___________
AMIT P. MEHTA
United States District Judge

Date: August 19, 2026